UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

LINDO YORKE and DERLENE YORKE,

      Plaintiffs,

v.                                                                    State Court Case No.: CACE-22-004199
                                                             Federal Court Case No.:

INDEPENDENT SPECIALTY INSURANCE
COMPANY,

      Defendant.
_____/

## DEFENDANT'S NOTICE OF REMOVAL

COMES NOW, Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY ("Independent Specialty"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and files this Notice of Removal ("Notice") of this action from the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida to the United States District Court for the Southern District of Florida, Fort Lauderdale Division, and in support of removal states as follows.

## INTRODUCTION

1. The Plaintiffs, Lindo Yorke and Derlene Yorke, served this action on Independent Specialty on March 25, 2022, in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. The Plaintiffs allege that Independent Specialty has breached the insurance contract by failing to fully indemnify Plaintiffs for their loss. *See* Plaintiffs' Complaint ¶ 18, a copy of which is contained within the State Court file attached as Exhibit "1."

2. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. § 1441. This action could have been filed in this Court pursuant to 28 U.S.C. § 1332 because it is

a civil action between citizens of different states and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs. *See* 28. U.S.C. § 1332.

3. Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, orders and other papers or exhibits filed in the state court are attached as Exhibit "1."

## DIVERSITY OF CITIZENSHIP EXISTS

4. The Plaintiffs, Lindo Yorke and Derlene Yorke, are now and were at the time of the filing of the Complaint, citizens of the State of Florida. *See* Plaintiff's Complaint, ¶ 2. *See also* Broward County Property Appraiser records indicating Plaintiffs' homestead status, attached as Exhibit "2."

5. Independent Specialty, is now, and was at the time of the filing of the Complaint, a Delaware corporation, with its principal place of business in Delaware. Thus, Independent Specialty is a citizen of Delaware. *See* 28 U.S.C. § 1332(c)(1). Additionally, aside from Delaware being Independent Specialty's principal place of business, the headquarters and decision makers for Independent Specialty, are located in Texas.

## THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET

6. Plaintiffs' Complaint states, "This is an action for damages under an insurance policy resulting from loss of property in a value in excess of $30,000, exclusive of costs, interest and attorney's fees." *See* Plaintiffs' Complaint, ¶ 1.

7. The Complaint also references an estimate of the damage incurred by the Plaintiffs allegedly as a result of the loss, and attaches a $90.601.79 estimate as Exhibit "A" to the Complaint. *See* Plaintiffs' Complaint, ¶ 11, and Exhibit A thereto.[1]

---

[1] In the event the Court believes the Exhibits attached hereto are insufficient to establish diversity jurisdiction, Independent Specialty respectfully requests the Court to allow limited discovery for the purpose of establishing jurisdiction as outlined by the Eleventh Circuit in *Cadle Co. II v. Menchio*, 2018 U.S. App. Lexis 15069 (11th Cir. 2018) (discussing use of "jurisdictional discovery" if needed to establish diversity jurisdiction).

8. Therefore, the amount in controversy in this matter exceeds this Court's jurisdictional threshold of $75,000.00. *See* 28 U.S.C. § 1332(a).

## REMOVAL IS OTHERWISE PROPER

9. Independent Specialty was served with Plaintiffs' Complaint on March 25, 2022.

10. 28 U.S.C. § 1446(b)(1) states "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter."

11. This Notice has been filed within 30 days of service and therefore is timely pursuant to 28 U.S.C. § 1446(b)(1), 28 U.S.C. § 1446(b)(3), and 28 U.S.C. § 1446(c)(1).

12. Venue exists in the Southern District of Florida, Fort Lauderdale Division, because the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County is located within this District and Division.

13. Written notice of the filing of the Notice of Removal will be promptly served on Plaintiffs' Counsel, and a copy will be promptly filed with the Clerk of the Circuit Court for Broward County, Florida, pursuant to 28 U.S.C. § 1446(d). A copy of the Notice of Filing of Notice of Removal to Federal Court is attached as Exhibit "3."

WHEREFORE, the Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, removes this action from the Circuit Court of Broward County, Florida to this Court.

Respectfully submitted,

/s/C. Ryan Jones
C. RYAN JONES, ESQUIRE
rjones@tlsslaw.com
Fla. Bar No. 0029043
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
727.898.8100 - Telephone
727.895.4838 - Facsimile
Attorney for Defendant
servicerjones@traublieberman.com

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 22nd day of April, 2022, I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to Michael A. Citron, Esq., MAC Legal, P.A., 4601 Sheridan Street, Suite 205, Hollywood, FL 33021, *Attorney for Plaintiffs,* michael@maclegalpa.com and service@maclegalpa.com.

/s/C. Ryan Jones
Attorney