# EXHIBIT 1

**Lindo Yorke, et al Plaintiff vs. Independent Specialty Insurance Company Defendant**

**Broward County Case Number:** CACE22004199
**State Reporting Number:** 062022CA004199AXXXCE
**Court Type:** Civil
**Case Type:** Other - Insurance Claim
**Incident Date:** N/A
**Filing Date:** 03/21/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 09 Levenson, Jeffrey R.

### ➖ Party(ies)

Total: 3

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address<br>★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **Yorke, Lindo** | | ★ Citron, Michael Abraham<br>Retained<br>Bar ID: 105083<br>MAC Legal, P.A.<br>4601 Sheridan St Ste 205<br>Hollywood, FL 33021-3432<br>**Status: Active**<br><br>Montgomery, Kristen Diane<br>Retained<br>Bar ID: 1003495<br>MAC Legal, P.A.<br>4601 Sheridan Street Suite #205<br>Hollywood, FL 33021<br>**Status: Active**<br><br>Etienne, Regine Soraya Lauren<br>Retained<br>Bar ID: 123537<br>MAC Legal P A<br>4601 Sheridan Street<br>Ste 205<br>Hollywood, FL 33021-3432<br>**Status: Active** |

| Party Type | Party Name | Address | Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **York, Derlene** | | ★ Citron, Michael Abraham<br>Retained<br>Bar ID: 105083<br>MAC Legal, P.A.<br>4601 Sheridan St Ste 205<br>Hollywood, FL 33021-3432<br>**Status: Active**<br><br>Montgomery, Kristen Diane<br>Retained<br>Bar ID: 1003495<br>MAC Legal, P.A.<br>4601 Sheridan Street Suite #205<br>Hollywood, FL 33021<br>**Status: Active**<br><br>Etienne, Regine Soraya Lauren<br>Retained<br>Bar ID: 123537<br>MAC Legal P A<br>4601 Sheridan Street<br>Ste 205<br>Hollywood, FL 33021-3432<br>**Status: Active** |
| Defendant | **Independent Specialty Insurance Company** | | ★ Jones, C Ryan, ESQ.<br>Retained<br>Bar ID: 29043<br>Traub Lieberman Straus & Shrewsberry LLP<br>Post Office Box 3942<br>Saint Petersburg, FL 33731<br>**Status: Active** |

## − Disposition(s)

Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|

| Date | Disposition(s) | View | Page(s) |
|---|---|---|---|

## − Event(s) & Document(s)

Total: 11

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 04/14/2022 | **Motion for Extension of Time** | TO RESPOND TO PLAINTIFFS' COMPLAINT<br>Party: *Defendant* Independent Specialty Insurance Company | 📄 | 2 |
| 03/26/2022 | **Notice of Acceptance of Service of Process** | 3/25/22<br>Party: *Defendant* Independent Specialty Insurance Company | 📄 | 1 |
| 03/23/2022 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | | 📄 | 1 |
| 03/21/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/21/2022 | **Civil Cover Sheet** | Amount: $75,001.00 | 📄 | 3 |
| 03/21/2022 | **Complaint (eFiled)** | FOR DAMAGES<br>Party: *Plaintiff* Yorke, Lindo *Plaintiff* York, Derlene | 📄 | 20 |
| 03/21/2022 | **eSummons Issuance** | Party: *Defendant* Independent Specialty Insurance Company | 📄 | 1 |
| 03/21/2022 | **Request** | | 📄 | 4 |
| 03/21/2022 | **Request for Admissions** | Party: *Plaintiff* Yorke, Lindo *Plaintiff* York, Derlene | 📄 | 4 |
| 03/21/2022 | **Request for Production of Documents** | FIRST<br>Party: *Plaintiff* Yorke, Lindo *Plaintiff* York, Derlene | 📄 | 8 |
| 03/21/2022 | **Interrogatories** | TO DEFENDANT | 📄 | 6 |

- Hearing(s)                                                                                      Total: 0

**There is no Disposition information available for this case.**

- Related Case(s)                                                                                 Total: 0

**There is no related case information available for this case.**

**FORM 1.997.    CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

I.    **CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u>   JUDICIAL CIRCUIT,
IN AND FOR <u>BROWARD</u>   COUNTY, FLORIDA

<u>Lindo Yorke, Derlene York</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>INDEPENDENT SPECIALTY INSURANCE COMPANY</u>
Defendant

II.    **AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐  $8,000 or less
☐  $8,001 - $30,000
☐  $30,001- $50,000
☐  $50,001- $75,000
☒  $75,001 - $100,000
☐  over $100,000.00

III.    **TYPE OF CASE**     (If the case fits more than one type of case,   select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

*** FILED: BROWARD COUNTY, FL  BRENDA D. FORMAN,  CLERK 03/21/2022 01:57:49 PM.****

**CIRCUIT CIVIL**

☐ Condominium
☐ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☒ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☒ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
     ☐ Residential Evictions
     ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the
Administrative Order. Yes ☐ No ☒

**IV.**    **REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.**    **NUMBER OF CAUSES OF ACTION:** [   ]
(Specify)

   1

**VI.**    **IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.**    **HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.**    **IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of
my knowledge and belief, and that I have read and will comply with the requirements of
Florida Rule of Judicial Administration 2.425.

Signature: s/ Michael A. Citron          Fla. Bar # 105083
      Attorney or party                   (Bar # if attorney)

Michael A. Citron             03/21/2022
  (type or print name)            Date

- 3 -

CHIEF FINANCIAL OFFICER
JIMMY PATRONIS
STATE OF FLORIDA

*22-000100697*

LINDO YORKE AND DERLENE YORKE

PLAINTIFF(S)

VS.

INDEPENDENT SPECIALTY INSURANCE
COMPANY

DEFENDANT(S)
_____/

SUMMONS, COMPLAINT, DISCOVERY, DEPOSITION LETTER

| | |
|---|---|
| **CASE #:** | **CACE-22-004199** |
| **COURT:** | **17TH JUDICIAL CIRCUIT** |
| **COUNTY:** | **BROWARD** |
| **DFS-SOP #:** | 22-000100697 |

Received

MAR 25 2022

Compliance Dept

# <u>NOTICE OF SERVICE OF PROCESS</u>

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said  process was received in my office by ELECTRONIC DELIVERY on Thursday, March 24, 2022 and a copy was forwarded by ELECTRONIC DELIVERY on Friday, March 25, 2022 to the designated agent for the named entity as shown below.

INDEPENDENT SPECIALTY INSURANCE COMPANY
TERRY LEDBETTER
1900 L. DON DODSON DR
BEDFORD, TX 76021

**\*Our office will only serve the initial process(Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule  #1.080**

Jimmy Patronis
Chief Financial Officer

MICHAEL A. CITRON
PRINCIPAL
MAC LEGAL, P.A.
12 S.E. 7TH STREET
SUITE 805
FORT LAUDERDALE, FL 33301

KS1

Case Number: CACE-22-004199 Division: 09

Filing # 146089830 E-Filed 03/21/2022 01:57:50 PM

## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA

### CASE NO.:

LINDO YORKE AND DERLENE YORKE

      Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

### SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

**YOU ARE HEREBY COMANDED** to serve this summons and a copy of the Complaint filed in this action on Defendant.

    **INDEPENDENT SPECIALTY INSURANCE COMPANY**
  **C/O FLORIDA CHIEF FINANCIAL OFFICE AS REGISTERED AGENT**
      **200 EAST GAINES STREET**
      **TALLAHASSEE, FL 32399-4201**

    Each Defendant is required to serve written defenses to the Complaint or Petition on Plaintiff's attorney, Michael A. Citron, Esq. of MAC Legal, P.A., whose address is 4601 Sheridan Street, Suite 205, Hollywood, Florida 33021, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court, whose address is 201 SE 6th Street, Fort Lauderdale Florida 33301 either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against the defendant for the relief demanded in the complaint or petition.

**DATED:**    MAR 23 2022

      WITNESS my hand and the Seal of said Court

               BRENDA D. FORMAN
               As Clerk of the Court

         By_____



          **BRENDA D. FORMAN**

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.:**

LINDO YORKE AND DERLENE YORKE

     Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE COMPANY,

     Defendant.

_____/

**<u>COMPLAINT FOR DAMAGES</u>**

     COMES NOW, the Plaintiff, LINDO YORKE AND DERLENE YORKE, by and through the undersigned counsel, and hereby sues the Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY for damages and in support thereof alleges as follows:

**<u>JURISDICTION AND PARTIES</u>**

1.     This is an action for damages under an insurance policy resulting from loss of property in a value in excess of $30,000, exclusive of costs, interest and attorney's fees.

2.     That at all times material hereto, the Plaintiff was and is a resident of **BROWARD COUNTY** Florida and is otherwise *sui juris*.

3.     The Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY, was and is a Florida corporation, by and through its officers, representatives and agents, who conducted business operations in the County of **BROWARD**, State of Florida for the purposes of selling homeowner insurance policies.

## COMMON ALLEGATIONS

4.      Plaintiff purchased from Defendant and maintained in full force and effect, by and through the payments of premiums, a certain homeowner's insurance policy bearing policy number VUWNH0704753 (the "Policy").

5.      Plaintiff does not have a true and complete copy of the Policy, but Defendant does have a true and correct copy of the Policy. Plaintiff reserves the right to supplement this Complaint by filing a true and correct copy of the Policy upon receipt from Defendant pursuant to the discovery filed in this action.

6.      Such Policy was issued by the Defendant to the Plaintiff and provided insurance coverage for the Plaintiff's dwelling located at 2261 Alcazar Dr Miramar, FL 33023 (hereinafter the "Premises").

7.      Pursuant to the Policy provisions, Defendant insured, subject to certain exclusions and conditions, the Plaintiff's property located at the Premises.

8.      On or about 11/8/2020, Hurricane Eta caused a covered loss and substantial damage to the Plaintiff's property which was covered under a policy of insurance issued by the Defendant which was at the time of the loss in full force and effect (hereinafter the "Loss").

9.      Plaintiff timely filed a notice of the Loss to the Defendant and has otherwise performed all conditions precedent to recover under the Policy and under the applicable Florida Statutes.

10.     Defendant, despite having received and processed such claim, has refused and continues to refuse to pay the full amount of Plaintiff's claim.

11.     In addition, the Plaintiff and/or Plaintiff's representatives forwarded the Defendant an estimate of the damage incurred by the Plaintiff as a result of the loss.  A true and correct copy of the estimate is attached hereto and incorporated herein as Exhibit "A".

12.     The Defendant has failed to timely evaluate and pay the full amount of Policy benefits owed to the Plaintiff under the terms of the Policy.

13.     The Plaintiff, as a result of Defendant's failure to comply with the terms of the policy has suffered damages to the Premises.

14.     Plaintiff has performed all conditions precedent to filing this action and/or any and all conditions precedent have been otherwise met or waived.

15.     Plaintiff has complied with all post loss obligations set forth in the insurance policy as requested by Defendant.[1]

16.     Plaintiff, as a result of Defendant's refusal to honor the contractual obligations contained in the Policy, has been forced to retain the legal services of MAC Legal, P.A.  for the purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §627.428, Florida Statutes. To the extent Defendant identifies themselves as a surplus lines insurer Plaintiff's request for reasonable attorney's fees is instead made pursuant to § 626.9373 of the Florida Statutes.

## COUNT I
## BREACH OF CONTRACT

17.     Plaintiff re-alleges and re-asserts the aforesaid Common Allegations and incorporates them herein.

18.     The Defendant's refusal to pay the full amount of the claim was contrary to the terms of the Policy and/or Florida law, and was a breach of said contract of insurance.

19.     As a direct and proximate cause of the Defendant's acts and/or omissions, Plaintiff has been damaged in an amount to be determined at trial.

20.     That as a direct and proximate cause of the Defendant's refusal to pay the full amount of the Plaintiff's claim, the Plaintiff has been required to retain the legal services of MAC Legal, P.A.  for the

---

[1] Plaintiff has filed a Notice of Intent to Initiate Litigation with the insurance carrier prior to filing suit. However, by doing so Plaintiff does not concede to the applicability of Fla. Stat. 627.70152 to the current action and the subject policy.

purposes of prosecuting the instant matter and such attorneys are entitled to a reasonable attorney's fees pursuant to §627.428, Florida Statutes.

WHEREFORE, the Plaintiff demands judgment against the Defendant, INDEPENDENT SPECIALTY INSURANCE COMPANY for damages, including, but not limited to, damage to the Premises, its contents, loss of use, costs, interest as allowed by law, reasonable attorney's fees pursuant to §627.428, Florida Statutes or § 626.9373 of the Florida Statutes, a trial by jury of all issues triable as a matter of right by jury and such other relief as this Court deems just and proper.

DATED: March 21, 2022.

/s/ Michael A. Citron
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN: 123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

Insured:     Lindo York
Property:    2261 Alcazar Dr
             Miramar, FL 33023

**Claim Number:** 2021070601642469     **Policy Number:** VUWNH0704753     **Type of Loss:** Water Damage

Date Contacted:    9/16/2021 3:57 PM
Date of Loss:      11/8/2020 3:57 PM          Date Received:    9/16/2021 3:57 PM
Date Inspected:    9/16/2021 3:57 PM          Date Entered:     9/16/2021 3:53 PM

Price List:        FLFL8X_SEP21
                   Restoration/Service/Remodel
Estimate:          PPA-2261-YORK

**This is a repair estimate only. The insurance company policy may contain provisions that will reduce any payments that might be made. This is not an authorization to repair. Authorization to repair or guarantee of payment must come from the owner of the property. No adjuster or appraiser has the authority to authorize repair or guarantee of payment.**

**The following estimate has been prepared based on representation made by the insured. The work outlined in the following pages will be preformed in accordance with all the standards set forth by the South Florida Building Code. Any additional credits or work required by the client will be processed in the form of a change order.**

**Florida Statute 626.954 (1)**
**"Unfair Insurance Trade Practice Act"**
**Specifically addresses the matter of unfair claim settlement practices**
**1. Not attempting in good faith to settle claims when, under all the circumstances, it could and should be done so, had it acted fairly and honestly toward its insured and with due regard for her or his interests.**

**Pursuant to s.817.234, Florida Statues, any person who, with the intent to injure, defraud, or deceive any insurer or insured, prepares, presents, or causes to be presented a proof of loss or estimate of cost or repair of damaged property in support of a claim under an insurance policy knowing that the proof of loss or estimate of claim or repairs contains false, incomplete, or misleading information concerning any fact or thing material the claim commits a felony of the third degree, punishable as provided in s.775.082, s.775.803, or s.775.084, Florida Statues.**

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

**PPA-2261-YORK**

**SKETCH1**

**Main Level**



| Kitchen | | | | | Height: 8' |
|---|---|---|---|---|---|
| 331.89 SF Walls | | | 122.83 SF Ceiling | | |
| 454.72 SF Walls & Ceiling | | | 122.83 SF Floor | | |
| 13.65 SY Flooring | | | 40.92 LF Floor Perimeter | | |
| 44.33 LF Ceil. Perimeter | | | | | |

**Missing Wall - Goes to Floor**          3' 5" X 6' 8"          Opens into LIVING_ROOM

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 454.72 SF | 0.00 | 0.24 | 1.27 | 22.08 | 132.48 |
| Paint the walls and ceiling - two coats | 454.72 SF | 0.00 | 0.97 | 8.28 | 89.88 | 539.24 |
| R&R 5/8" drywall - hung, taped, ready for texture | 454.72 SF | 0.53 | 2.33 | 17.51 | 263.60 | 1,581.61 |
| Tear out and bag wet insulation | 122.83 SF | 0.76 | 0.00 | 0.69 | 18.82 | 112.86 |
| R&R Blown-in insulation - 12" depth - R30 | 122.83 SF | 1.23 | 1.09 | 6.45 | 58.30 | 349.71 |
| R&R Acoustic ceiling (popcorn) texture | 122.83 SF | 0.57 | 1.12 | 0.52 | 41.62 | 249.72 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 331.89 SF | 0.95 | 0.00 | 4.65 | 64.00 | 383.95 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 331.89 SF | 0.50 | 1.72 | 28.81 | 153.14 | 918.75 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 40.92 LF | 0.00 | 1.35 | 0.74 | 11.18 | 67.16 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 40.92 LF | 0.57 | 4.06 | 4.58 | 38.80 | 232.84 |
| Paint baseboard - two coats | 40.92 LF | 0.00 | 1.40 | 0.40 | 11.54 | 69.23 |
| Tile/stone sealer | 122.83 SF | 0.00 | 0.80 | 2.75 | 20.22 | 121.23 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

**CONTINUED - Kitchen**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Floor protection - self-adhesive plastic film | 122.83 SF | 0.00 | 0.63 | 1.20 | 15.72 | 94.30 |
| Floor protection - cloth - skid resistant, breathable | 122.83 SF | 0.00 | 0.96 | 4.47 | 24.48 | 146.87 |
| Regrout tile floor | 122.83 SF | 0.00 | 2.98 | 2.49 | 73.70 | 442.22 |
| Grout sealer | 122.83 SF | 0.00 | 1.06 | 1.38 | 26.32 | 157.90 |
| Clean floor - tile | 122.83 SF | 0.00 | 0.54 | 0.52 | 13.36 | 80.21 |
| Final cleaning - construction - Residential | 122.83 SF | 0.00 | 0.24 | 0.00 | 5.90 | 35.38 |
| Totals:  Kitchen | | | | 87.13 | 1,003.36 | 6,019.83 |

**Living Room**                                                              Height: 8'

| | |
|---|---|
| 586.78 SF Walls | 407.32 SF Ceiling |
| 994.10 SF Walls & Ceiling | 407.32 SF Floor |
| 45.26 SY Flooring | 71.25 LF Floor Perimeter |
| 83.83 LF Ceil. Perimeter | |

| Missing Wall | 2' 10" X 8' | Opens into HALLWAY |
|---|---|---|
| Missing Wall - Goes to Floor | 9' 2" X 6' 8" | Opens into FAMILY_ROOM |
| Missing Wall - Goes to Floor | 3' 5" X 6' 8" | Opens into KITCHEN |

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 994.10 SF | 0.00 | 0.24 | 2.78 | 48.28 | 289.64 |
| Paint the walls and ceiling - two coats | 994.10 SF | 0.00 | 0.97 | 18.09 | 196.48 | 1,178.85 |
| R&R 5/8" drywall - hung, taped, ready for texture | 994.10 SF | 0.53 | 2.33 | 38.27 | 576.30 | 3,457.69 |
| Tear out and bag wet insulation | 407.32 SF | 0.76 | 0.00 | 2.28 | 62.38 | 374.22 |
| R&R Blown-in insulation - 12" depth - R30 | 407.32 SF | 1.23 | 1.09 | 21.38 | 193.28 | 1,159.64 |
| R&R Acoustic ceiling (popcorn) texture | 407.32 SF | 0.57 | 1.12 | 1.71 | 138.02 | 828.10 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Living Room

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 586.78 SF | 0.95 | 0.00 | 8.22 | 113.12 | 678.78 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 586.78 SF | 0.50 | 1.72 | 50.93 | 270.72 | 1,624.30 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 71.25 LF | 0.00 | 1.35 | 1.30 | 19.50 | 116.99 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 71.25 LF | 0.57 | 4.06 | 7.98 | 67.58 | 405.45 |
| Paint baseboard - two coats | 71.25 LF | 0.00 | 1.40 | 0.70 | 20.10 | 120.55 |
| Tile/stone sealer | 407.32 SF | 0.00 | 0.80 | 9.12 | 67.00 | 401.98 |
| Floor protection - self-adhesive plastic film | 407.32 SF | 0.00 | 0.63 | 3.99 | 52.12 | 312.72 |
| Floor protection - cloth - skid resistant, breathable | 407.32 SF | 0.00 | 0.96 | 14.83 | 81.16 | 487.02 |
| Regrout tile floor | 407.32 SF | 0.00 | 2.98 | 8.27 | 244.42 | 1,466.50 |
| Grout sealer | 407.32 SF | 0.00 | 1.06 | 4.56 | 87.28 | 523.60 |
| Clean floor - tile | 407.32 SF | 0.00 | 0.54 | 1.71 | 44.34 | 266.00 |
| Final cleaning - construction - Residential | 407.32 SF | 0.00 | 0.24 | 0.00 | 19.56 | 117.32 |

| Totals:  Living Room | | | | 196.54 | 2,352.34 | 14,113.52 |
|---|---|---|---|---|---|---|



**Family Room**                                                      Height: 8'

| | |
|---|---|
| 313.56 SF Walls | 131.44 SF Ceiling |
| 445.00 SF Walls & Ceiling | 131.44 SF Floor |
| 14.60 SY Flooring | 37.67 LF Floor Perimeter |
| 46.83 LF Ceil. Perimeter | |

**Missing Wall - Goes to Floor**          9' 2" X 6' 8"          Opens into LIVING_ROOM

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 445.00 SF | 0.00 | 0.24 | 1.25 | 21.62 | 129.67 |

**NATECON CORP.**

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Family Room

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Paint the walls and ceiling - two coats | 445.00 SF | 0.00 | 0.97 | 8.10 | 87.96 | 527.71 |
| R&R 5/8" drywall - hung, taped, ready for texture | 445.00 SF | 0.53 | 2.33 | 17.13 | 257.98 | 1,547.81 |
| Tear out and bag wet insulation | 131.44 SF | 0.76 | 0.00 | 0.74 | 20.12 | 120.75 |
| R&R Blown-in insulation - 12" depth - R30 | 131.44 SF | 1.23 | 1.09 | 6.90 | 62.38 | 374.22 |
| R&R Acoustic ceiling (popcorn) texture | 131.44 SF | 0.57 | 1.12 | 0.55 | 44.54 | 267.22 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 313.56 SF | 0.95 | 0.00 | 4.39 | 60.46 | 362.73 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 313.56 SF | 0.50 | 1.72 | 27.22 | 144.66 | 867.98 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 37.67 LF | 0.00 | 1.35 | 0.69 | 10.32 | 61.86 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 37.67 LF | 0.57 | 4.06 | 4.22 | 35.72 | 214.35 |
| Paint baseboard - two coats | 37.67 LF | 0.00 | 1.40 | 0.37 | 10.62 | 63.73 |
| Tile/stone sealer | 131.44 SF | 0.00 | 0.80 | 2.94 | 21.62 | 129.71 |
| Floor protection - self-adhesive plastic film | 131.44 SF | 0.00 | 0.63 | 1.29 | 16.82 | 100.92 |
| Floor protection - cloth - skid resistant, breathable | 131.44 SF | 0.00 | 0.96 | 4.78 | 26.20 | 157.16 |
| Regrout tile floor | 131.44 SF | 0.00 | 2.98 | 2.67 | 78.88 | 473.24 |
| Grout sealer | 131.44 SF | 0.00 | 1.06 | 1.47 | 28.16 | 168.96 |
| Clean floor - tile | 131.44 SF | 0.00 | 0.54 | 0.55 | 14.32 | 85.85 |
| Final cleaning - construction - Residential | 131.44 SF | 0.00 | 0.24 | 0.00 | 6.32 | 37.87 |
| Totals:  Family Room | | | | 85.68 | 999.40 | 5,995.91 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000



| Hallway | | | | | Height: 8' |
|---|---|---|---|---|---|
| 125.33 SF Walls | | | 20.18 SF Ceiling | | |
| 145.51 SF Walls & Ceiling | | | 20.18 SF Floor | | |
| 2.24 SY Flooring | | | 15.67 LF Floor Perimeter | | |
| 15.67 LF Ceil. Perimeter | | | | | |

| Missing Wall | 2' 10" X 8' | | Opens into LIVING_ROOM | | |
|---|---|---|---|---|---|

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 145.51 SF | 0.00 | 0.24 | 0.41 | 7.06 | 42.39 |
| Paint the walls and ceiling - two coats | 145.51 SF | 0.00 | 0.97 | 2.65 | 28.76 | 172.55 |
| R&R 5/8" drywall - hung, taped, ready for texture | 145.51 SF | 0.53 | 2.33 | 5.60 | 84.34 | 506.10 |
| Tear out and bag wet insulation | 20.18 SF | 0.76 | 0.00 | 0.11 | 3.08 | 18.53 |
| R&R Blown-in insulation - 12" depth - R30 | 20.18 SF | 1.23 | 1.09 | 1.06 | 9.58 | 57.46 |
| R&R Acoustic ceiling (popcorn) texture | 20.18 SF | 0.57 | 1.12 | 0.08 | 6.84 | 41.02 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 125.33 SF | 0.95 | 0.00 | 1.75 | 24.18 | 144.99 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 125.33 SF | 0.50 | 1.72 | 10.88 | 57.84 | 346.96 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 15.67 LF | 0.00 | 1.35 | 0.28 | 4.30 | 25.73 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 15.67 LF | 0.57 | 4.06 | 1.75 | 14.86 | 89.16 |
| Paint baseboard - two coats | 15.67 LF | 0.00 | 1.40 | 0.15 | 4.42 | 26.51 |
| Tile/stone sealer | 20.18 SF | 0.00 | 0.80 | 0.45 | 3.32 | 19.91 |
| Floor protection - self-adhesive plastic film | 20.18 SF | 0.00 | 0.63 | 0.20 | 2.58 | 15.49 |
| Floor protection - cloth - skid resistant, breathable | 20.18 SF | 0.00 | 0.96 | 0.73 | 4.02 | 24.12 |
| Regrout tile floor | 20.18 SF | 0.00 | 2.98 | 0.41 | 12.10 | 72.65 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Hallway

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Grout sealer | 20.18 SF | 0.00 | 1.06 | 0.23 | 4.32 | 25.94 |
| Clean floor - tile | 20.18 SF | 0.00 | 0.54 | 0.08 | 2.20 | 13.18 |
| Final cleaning - construction - Residential | 20.18 SF | 0.00 | 0.24 | 0.00 | 0.96 | 5.80 |
| Totals: Hallway | | | | 27.24 | 325.46 | 1,952.66 |



**Laundry Room**  Height: 8'

143.28 SF Walls  24.80 SF Ceiling
168.08 SF Walls & Ceiling  24.80 SF Floor
2.76 SY Flooring  17.51 LF Floor Perimeter
19.92 LF Ceil. Perimeter

| **Missing Wall - Goes to Floor** | **2' 5" X 6' 8"** | **Opens into Exterior** | | | | |
|---|---|---|---|---|---|---|
| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 168.08 SF | 0.00 | 0.24 | 0.47 | 8.16 | 48.97 |
| Paint the walls and ceiling - two coats | 168.08 SF | 0.00 | 0.97 | 3.06 | 33.22 | 199.32 |
| R&R 5/8" drywall - hung, taped, ready for texture | 168.08 SF | 0.53 | 2.33 | 6.47 | 97.44 | 584.62 |
| Tear out and bag wet insulation | 24.80 SF | 0.76 | 0.00 | 0.14 | 3.80 | 22.79 |
| R&R Blown-in insulation - 12" depth - R30 | 24.80 SF | 1.23 | 1.09 | 1.30 | 11.76 | 70.59 |
| R&R Acoustic ceiling (popcorn) texture | 24.80 SF | 0.57 | 1.12 | 0.10 | 8.40 | 50.42 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 143.28 SF | 0.95 | 0.00 | 2.01 | 27.62 | 165.75 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 143.28 SF | 0.50 | 1.72 | 12.44 | 66.08 | 396.60 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 17.51 LF | 0.00 | 1.35 | 0.32 | 4.78 | 28.74 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Laundry Room

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 17.51 LF | 0.57 | 4.06 | 1.96 | 16.62 | 99.65 |
| Paint baseboard - two coats | 17.51 LF | 0.00 | 1.40 | 0.17 | 4.94 | 29.62 |
| Tile/stone sealer | 24.80 SF | 0.00 | 0.80 | 0.56 | 4.08 | 24.48 |
| Floor protection - self-adhesive plastic film | 24.80 SF | 0.00 | 0.63 | 0.24 | 3.16 | 19.02 |
| Floor protection - cloth - skid resistant, breathable | 24.80 SF | 0.00 | 0.96 | 0.90 | 4.94 | 29.65 |
| Regrout tile floor | 24.80 SF | 0.00 | 2.98 | 0.50 | 14.88 | 89.28 |
| Grout sealer | 24.80 SF | 0.00 | 1.06 | 0.28 | 5.32 | 31.89 |
| Clean floor - tile | 24.80 SF | 0.00 | 0.54 | 0.10 | 2.70 | 16.19 |
| Final cleaning - construction - Residential | 24.80 SF | 0.00 | 0.24 | 0.00 | 1.20 | 7.15 |
| Carpenter - Finish, Trim / Cabinet - per hour | 4.00 HR | 0.00 | 93.21 | 0.00 | 74.56 | 447.40 |
| R&R Cabinetry - lower (base) units | 5.00 LF | 9.47 | 437.41 | 135.69 | 474.04 | 2,844.13 |
| R&R Cabinetry - upper (wall) units | 5.00 LF | 9.47 | 361.90 | 109.26 | 393.24 | 2,359.35 |

| Totals: Laundry Room | | | | 276.39 | 1,311.64 | 7,869.78 |
|---|---|---|---|---|---|---|



| Bedroom | | | | | | Height: 8' |
|---|---|---|---|---|---|---|

| 520.00 SF Walls | 172.92 SF Ceiling |
|---|---|
| 692.92 SF Walls & Ceiling | 172.92 SF Floor |
| 19.21 SY Flooring | 65.00 LF Floor Perimeter |
| 65.00 LF Ceil. Perimeter | |

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 692.92 SF | 0.00 | 0.24 | 1.94 | 33.64 | 201.88 |
| Paint the walls and ceiling - two coats | 692.92 SF | 0.00 | 0.97 | 12.61 | 136.94 | 821.68 |
| R&R 5/8" drywall - hung, taped, ready for texture | 692.92 SF | 0.53 | 2.33 | 26.68 | 401.70 | 2,410.13 |
| Tear out and bag wet insulation | 172.92 SF | 0.76 | 0.00 | 0.97 | 26.48 | 158.87 |

**NATECON CORP.**

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

**CONTINUED - Bedroom**

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| R&R Blown-in insulation - 12" depth - R30 | 172.92 SF | 1.23 | 1.09 | 9.08 | 82.06 | 492.31 |
| R&R Acoustic ceiling (popcorn) texture | 172.92 SF | 0.57 | 1.12 | 0.73 | 58.60 | 351.56 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 520.00 SF | 0.95 | 0.00 | 7.28 | 100.26 | 601.54 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 520.00 SF | 0.50 | 1.72 | 45.14 | 239.90 | 1,439.44 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 65.00 LF | 0.00 | 1.35 | 1.18 | 17.80 | 106.73 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 65.00 LF | 0.57 | 4.06 | 7.28 | 61.66 | 369.89 |
| Paint baseboard - two coats | 65.00 LF | 0.00 | 1.40 | 0.64 | 18.32 | 109.96 |
| Tile/stone sealer | 172.92 SF | 0.00 | 0.80 | 3.87 | 28.44 | 170.65 |
| Floor protection - self-adhesive plastic film | 172.92 SF | 0.00 | 0.63 | 1.69 | 22.12 | 132.75 |
| Floor protection - cloth - skid resistant, breathable | 172.92 SF | 0.00 | 0.96 | 6.29 | 34.46 | 206.75 |
| Regrout tile floor | 172.92 SF | 0.00 | 2.98 | 3.51 | 103.76 | 622.57 |
| Grout sealer | 172.92 SF | 0.00 | 1.06 | 1.94 | 37.04 | 222.28 |
| Clean floor - tile | 172.92 SF | 0.00 | 0.54 | 0.73 | 18.82 | 112.93 |
| Final cleaning - construction - Residential | 172.92 SF | 0.00 | 0.24 | 0.00 | 8.30 | 49.80 |
| Totals: Bedroom | | | | 131.98 | 1,481.00 | 8,885.89 |



| Closet | | Height: 8' |
|---|---|---|
| 108.00 SF Walls | | 8.75 SF Ceiling |
| 116.75 SF Walls & Ceiling | | 8.75 SF Floor |
| 0.97 SY Flooring | | 13.50 LF Floor Perimeter |
| 13.50 LF Ceil. Perimeter | | |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Closet

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 116.75 SF | 0.00 | 0.24 | 0.33 | 5.66 | 34.01 |
| Paint the walls and ceiling - two coats | 116.75 SF | 0.00 | 0.97 | 2.13 | 23.08 | 138.46 |
| R&R 5/8" drywall - hung, taped, ready for texture | 116.75 SF | 0.53 | 2.33 | 4.49 | 67.68 | 406.08 |
| Tear out and bag wet insulation | 8.75 SF | 0.76 | 0.00 | 0.05 | 1.36 | 8.06 |
| R&R Blown-in insulation - 12" depth - R30 | 8.75 SF | 1.23 | 1.09 | 0.46 | 4.16 | 24.92 |
| R&R Acoustic ceiling (popcorn) texture | 8.75 SF | 0.57 | 1.12 | 0.04 | 2.96 | 17.79 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 108.00 SF | 0.95 | 0.00 | 1.51 | 20.82 | 124.93 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 108.00 SF | 0.50 | 1.72 | 9.37 | 49.84 | 298.97 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 13.50 LF | 0.00 | 1.35 | 0.25 | 3.70 | 22.18 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 13.50 LF | 0.57 | 4.06 | 1.51 | 12.80 | 76.82 |
| Paint baseboard - two coats | 13.50 LF | 0.00 | 1.40 | 0.13 | 3.80 | 22.83 |
| Tile/stone sealer | 8.75 SF | 0.00 | 0.80 | 0.20 | 1.44 | 8.64 |
| Floor protection - self-adhesive plastic film | 8.75 SF | 0.00 | 0.63 | 0.09 | 1.12 | 6.72 |
| Floor protection - cloth - skid resistant, breathable | 8.75 SF | 0.00 | 0.96 | 0.32 | 1.74 | 10.46 |
| Regrout tile floor | 8.75 SF | 0.00 | 2.98 | 0.18 | 5.26 | 31.52 |
| Grout sealer | 8.75 SF | 0.00 | 1.06 | 0.10 | 1.88 | 11.26 |
| Clean floor - tile | 8.75 SF | 0.00 | 0.54 | 0.04 | 0.94 | 5.71 |
| Final cleaning - construction - Residential | 8.75 SF | 0.00 | 0.24 | 0.00 | 0.42 | 2.52 |

| | | | | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Totals:  Closet | | | | 21.62 | 259.36 | 1,556.05 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000



| Bathroom | | | | | Height: 8' |
|---|---|---|---|---|---|

188.00 SF Walls      33.75 SF Ceiling
221.75 SF Walls & Ceiling      33.75 SF Floor
3.75 SY Flooring      23.50 LF Floor Perimeter
23.50 LF Ceil. Perimeter

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| **CEILING ITEMS** | | | | | | |
| Apply anti-microbial agent to the walls and ceiling | 221.75 SF | 0.00 | 0.24 | 0.62 | 10.76 | 64.60 |
| Paint the walls and ceiling - two coats | 221.75 SF | 0.00 | 0.97 | 4.04 | 43.82 | 262.96 |
| R&R 5/8" drywall - hung, taped, ready for texture | 221.75 SF | 0.53 | 2.33 | 8.54 | 128.54 | 771.29 |
| Tear out and bag wet insulation | 33.75 SF | 0.76 | 0.00 | 0.19 | 5.18 | 31.02 |
| R&R Blown-in insulation - 12" depth - R30 | 33.75 SF | 1.23 | 1.09 | 1.77 | 16.02 | 96.09 |
| R&R Acoustic ceiling (popcorn) texture | 33.75 SF | 0.57 | 1.12 | 0.14 | 11.42 | 68.60 |
| **WALL ITEMS** | | | | | | |
| Window blind - horizontal or vertical - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Window drapery - hardware - Detach & reset | 3.00 EA | 0.00 | 36.13 | 0.00 | 21.68 | 130.07 |
| Tear out wet drywall, cleanup, bag for disposal | 188.00 SF | 0.95 | 0.00 | 2.63 | 36.24 | 217.47 |
| R&R Batt insulation - 12" - R38 - unfaced batt | 188.00 SF | 0.50 | 1.72 | 16.32 | 86.74 | 520.42 |
| Mask and prep for paint - plastic, paper, tape (per LF) | 23.50 LF | 0.00 | 1.35 | 0.43 | 6.42 | 38.58 |
| Paint door/window trim & jamb - Large - 2 coats (per side) | 1.00 EA | 0.00 | 36.27 | 0.42 | 7.34 | 44.03 |
| **FLOOR ITEMS** | | | | | | |
| R&R Baseboard - 3 1/4" | 23.50 LF | 0.57 | 4.06 | 2.63 | 22.28 | 133.72 |
| Paint baseboard - two coats | 23.50 LF | 0.00 | 1.40 | 0.23 | 6.62 | 39.75 |
| Tile/stone sealer | 33.75 SF | 0.00 | 0.80 | 0.76 | 5.56 | 33.32 |
| Floor protection - self-adhesive plastic film | 33.75 SF | 0.00 | 0.63 | 0.33 | 4.32 | 25.91 |
| Floor protection - cloth - skid resistant, breathable | 33.75 SF | 0.00 | 0.96 | 1.23 | 6.72 | 40.35 |
| Regrout tile floor | 33.75 SF | 0.00 | 2.98 | 0.69 | 20.26 | 121.53 |
| Grout sealer | 33.75 SF | 0.00 | 1.06 | 0.38 | 7.24 | 43.40 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Bathroom

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Clean floor - tile | 33.75 SF | 0.00 | 0.54 | 0.14 | 3.66 | 22.03 |
| Final cleaning - construction - Residential | 33.75 SF | 0.00 | 0.24 | 0.00 | 1.62 | 9.72 |
| Totals: Bathroom | | | | 41.49 | 474.12 | 2,844.93 |
| Total: Main Level | | | | 868.07 | 8,206.68 | 49,238.57 |

### Roof

**Roof1**



| | |
|---|---|
| 2,680.68 Surface Area | 26.81 Number of Squares |
| 191.61 Total Perimeter Length | 60.08 Total Ridge Length |

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Ridge cap - High profile - composition shingles | 60.08 LF | 0.00 | 8.43 | 13.84 | 104.06 | 624.37 |
| Tear off, haul and dispose of comp. shingles - 3 tab | 26.81 SQ | 66.02 | 0.00 | 0.00 | 354.00 | 2,124.00 |
| Sheathing - plywood - 1/2" CDX | 2,680.68 SF | 0.00 | 2.59 | 294.61 | 1,447.52 | 8,685.09 |
| R&R Drip edge | 191.61 LF | 0.42 | 3.90 | 15.02 | 168.56 | 1,011.34 |
| R&R Roof vent - turbine type | 3.00 EA | 11.34 | 154.64 | 13.71 | 102.32 | 613.97 |
| R&R Exhaust cap - through roof - 6" to 8" | 1.00 EA | 11.34 | 123.56 | 2.39 | 27.46 | 164.75 |
| R&R Flashing - pipe jack - lead | 3.00 EA | 8.88 | 102.15 | 9.73 | 68.56 | 411.38 |
| Prime & paint roof jack | 3.00 EA | 0.00 | 34.42 | 1.51 | 20.96 | 125.73 |
| Prime & paint roof vent | 3.00 EA | 0.00 | 35.24 | 1.51 | 21.44 | 128.67 |
| R&R Continuous ridge vent - shingle-over style | 60.08 LF | 1.06 | 12.67 | 14.13 | 167.80 | 1,006.82 |
| Digital satellite system - Detach & reset | 1.00 EA | 0.00 | 33.56 | 0.00 | 6.72 | 40.28 |
| Roofing felt - 15 lb. - double coverage/low slope | 26.81 SQ | 0.00 | 90.66 | 24.34 | 490.98 | 2,945.91 |
| Laminated - comp. shingle rfg. - w/ felt | 27.00 SQ | 0.00 | 366.17 | 206.67 | 2,018.66 | 12,111.92 |
| Totals: Roof1 | | | | 597.46 | 4,999.04 | 29,994.23 |

PPA-2261-YORK

9/30/2021     Page: 12

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000



### Roof2

| | | |
|---|---|---|
| 303.62 Surface Area | | 3.04 Number of Squares |
| 50.36 Total Perimeter Length | | |

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Remove Modified bitumen roof | 3.04 SQ | 62.44 | 0.00 | 0.00 | 37.96 | 227.78 |
| Remove Insulation - perlite board, 1" | 3.04 SQ | 51.01 | 0.00 | 0.00 | 31.02 | 186.09 |
| R&R Sheathing - plywood - 1/2" CDX | 303.62 SF | 0.71 | 2.59 | 33.37 | 207.08 | 1,242.40 |
| Insulation - perlite board, 1" | 3.04 SQ | 0.00 | 263.25 | 17.50 | 163.56 | 981.34 |
| R&R Rigid foam insulation board - 1" | 303.62 SF | 0.40 | 0.99 | 14.24 | 87.26 | 523.53 |
| Modified bitumen roof | 3.04 SQ | 0.00 | 527.48 | 22.94 | 325.28 | 1,951.76 |
| Remove Modified bitumen roof - hot mopped | 3.04 SQ | 62.44 | 0.00 | 0.00 | 37.96 | 227.78 |
| Modified bitumen roof - hot mopped | 3.04 SQ | 0.00 | 562.73 | 28.54 | 347.84 | 2,087.08 |
| Apply mastic around vent pipes to repair leakage | 1.00 EA | 0.00 | 45.38 | 0.05 | 9.10 | 54.53 |
| Totals: Roof2 | | | | 116.64 | 1,247.06 | 7,482.29 |

### Manipulation

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Off-site storage & insur. - climate controlled - per month | 200.00 SF | 0.00 | 1.61 | 22.54 | 68.90 | 413.44 |
| On-Site Inventory, Packing, Boxing, Moving chrg - per hour | 8.00 HR | 0.00 | 38.00 | 7.30 | 60.80 | 372.10 |
| Moving van (21'-27') and equipment - per day | 1.00 EA | 0.00 | 180.00 | 0.00 | 36.00 | 216.00 |
| Content Manipulation charge - per hour | 8.00 HR | 0.00 | 36.18 | 0.00 | 57.88 | 347.32 |
| Contents Evaluation and/or Supervisor/Admin - per hour | 5.00 HR | 0.00 | 53.20 | 0.00 | 53.20 | 319.20 |
| Provide TV box, packing paper & tape | 1.00 EA | 0.00 | 21.02 | 1.47 | 4.50 | 26.99 |
| Provide stretch film/wrap | 1.00 RL | 0.00 | 26.94 | 1.89 | 5.76 | 34.59 |
| Provide box, packing paper & tape - large size | 6.00 EA | 0.00 | 4.56 | 1.92 | 5.86 | 35.14 |
| Bubble Wrap - Add-on cost for fragile items | 100.00 LF | 0.00 | 0.23 | 1.61 | 4.92 | 29.53 |

## NATECON CORP.

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

### CONTINUED - Manipulation

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Provide wardrobe box & tape - medium size | 3.00 EA | 0.00 | 14.29 | 3.00 | 9.18 | 55.05 |
| Provide mirror/picture box, packing paper & tape | 4.00 EA | 0.00 | 8.13 | 2.28 | 6.96 | 41.76 |
| Provide furniture lightweight blanket/pad | 5.00 EA | 0.00 | 8.26 | 2.89 | 8.84 | 53.03 |
| Provide mattress box & tape - queen size | 1.00 EA | 0.00 | 30.16 | 2.11 | 6.46 | 38.73 |
| Totals:  Manipulation | | | | 47.01 | 329.26 | 1,982.88 |

### General

| DESCRIPTION | QTY | REMOVE | REPLACE | TAX | O&P | TOTAL |
|---|---|---|---|---|---|---|
| Cleaning Technician - per hour | 8.00 HR | 0.00 | 38.00 | 0.00 | 60.80 | 364.80 |
| Dumpster load - Approx. 40 yards, 7-8 tons of debris | 1.00 EA | 713.00 | 0.00 | 0.00 | 142.60 | 855.60 |
| GENERAL DEMOLITION | 8.00 EA | 0.00 | 2.33 | 0.31 | 3.78 | 22.73 |
| Neg. air fan/Air scrub.-XLrg (per 24 hr period)-No monit. | 3.00 DA | 0.00 | 145.96 | 0.00 | 87.58 | 525.46 |
| Temporary toilet (per month) | 1.00 MO | 0.00 | 112.69 | 0.00 | 22.54 | 135.23 |
| Totals:  General | | | | 0.31 | 317.30 | 1,903.82 |
| Total: Roof | | | | 761.42 | 6,892.66 | 41,363.22 |
| Total: SKETCH1 | | | | 1,629.49 | 15,099.34 | 90,601.79 |
| **Line Item Totals: PPA-2261-YORK** | | | | **1,629.49** | **15,099.34** | **90,601.79** |

**NATECON CORP.**

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

## Grand Total Areas:

| | | |
|---|---|---|
| 2,316.83 SF Walls | 922.00 SF Ceiling | 3,238.84 SF Walls and Ceiling |
| 922.00 SF Floor | 102.44 SY Flooring | 285.01 LF Floor Perimeter |
| 0.00 SF Long Wall | 0.00 SF Short Wall | 312.59 LF Ceil. Perimeter |
| | | |
| 922.00 Floor Area | 1,011.13 Total Area | 2,316.83 Interior Wall Area |
| 2,463.60 Exterior Wall Area | 218.83 Exterior Perimeter of Walls | |
| | | |
| 2,984.30 Surface Area | 29.84 Number of Squares | 241.97 Total Perimeter Length |
| 60.08 Total Ridge Length | 0.00 Total Hip Length | |

| Coverage | Item Total | % | ACV Total | % |
|---|---|---|---|---|
| Dwelling | 88,966.23 | 98.19% | 88,966.23 | 98.19% |
| Other Structures | 0.00 | 0.00% | 0.00 | 0.00% |
| Contents | 1,635.56 | 1.81% | 1,635.56 | 1.81% |
| Total | 90,601.79 | 100.00% | 90,601.79 | 100.00% |

**NATECON CORP.**

Construction & Management

Licensed & Insured
CGC1517242
CCC1329000

## Summary for Dwelling

| | |
|---|---:|
| Line Item Total | 72,555.79 |
| Material Sales Tax | 1,582.48 |
| Subtotal | 74,138.27 |
| Overhead | 7,413.98 |
| Profit | 7,413.98 |
| **Replacement Cost Value** | **$88,966.23** |
| **Net Claim** | **$88,966.23** |

———————————————



📞 954.395.2954
📠 305.402.0866
🌐 www.MACLegalPA.com
📍 4601 Sheridan Street, Suite #205
Hollywood, Florida 33021

**MAC LEGAL P.A.**

Boutique Service | Big Law Results

**Monday, March 21, 2022**

*Submitted in Accordance with Fla. Stat. §624.423[4]*
INDEPENDENT SPECIALTY INSURANCE COMPANY

**RE:**   *LINDO YORKE AND DERLENE YORKE v. INDEPENDENT SPECIALTY*
*INSURANCE COMPANY*
Case Number:

To Whom It May Concern:

This office has been retained by the above-named insured regarding the above-reference lawsuit. This letter is the insured Plaintiff's formal request for deposition of your Field Adjuster, Desk Adjuster and Corporate Representative. As there are specific rules governing the depositions taken of a corporate representative requiring areas of inquiry be provided [*See* Fla. R. Civ. P. 1.310(b)(6)], the areas of inquiry for your Corporate Representative can be found below. Should you have any concerns or objections to the same you are invited to schedule a meeting with me to discuss the same, without delay.

Within the next twenty (20) days, please provide all available dates for the above requested depositions to occur within the next sixty-five (65) days. Given the current status of the COVID-19 pandemic all depositions requested shall be conducted via Zoom or other remote means and shall be recorded. Therefore, availability for the requested depositions to occurred is assumed to be more open. Please note that should we not receive a meaningful response from regarding this request, we will be forced to unilaterally schedule the above depositions to take place within the time frame and manner outlined above.

Thank you in advance for your attention to this matter. Please do not hesitate to contact our office should you have any questions or concerns.

Sincerely,
*/s/ Nicole Garcia*
Nicole Garcia, Esq.

/Enclosure: Areas of Inquiry/

954.395.2954
305.402.0866
www.MACLegalPA.com
4601 Sheridan Street, Suite #205
Hollywood, Florida 33021



**MAC LEGAL P.A.**
Boutique Service | Big Law Results

## <u>SCHEDULE "A"</u>

*Each deponent must be prepared to discuss in detail the following during his/her/its respective deposition*

1.   The Defendant's Corporate Policies utilized in handling the subject claim.

2.   The Defendant's reasons and analysis in denying or underpaying the subject claim.

3.   All correspondence between Defendant and Plaintiff or Plaintiffs' representatives (including public adjusters and attorneys).

4.   All correspondence between Defendant and all third parties regarding the subject claim.

5.   All actions taken by Defendant relating to the subject claim.

6.   The damage to Plaintiff's home relating to the subject claim.

7.   The identity of the individuals who, on behalf of Defendant and relating to the subject claim, took any actions, made any analyses, or undertook any responsibilities and the findings of the same.

8.   The identity of all individuals who visited the subject property on behalf of the Defendant, and the observations taken at the subject property by those individuals.

9.   The basis in the subject insurance policy for Defendant's decision not to cover or adequately pay the subject claim.

10.  The meaning, effect and background of all responses given, and documents produced by Defendant in reply to Plaintiff's Discovery.

📞 954.395.2954
🖨 305.402.0866
🌐 www.MACLegalPA.com
📍 4601 Sheridan Street, Suite #205
Hollywood, Florida 33021



**MAC LEGAL P.A.**
Boutique Service | Big Law Results

11.     The factual basis for each of Defendant's denials to allegations in the operative Complaint.

12.     The factual basis for each of Defendant's affirmative defenses raised.

13.     Each of the areas outlined in the Plaintiff's Discovery requests.

**SCHEDULE "B"**
**DUCES TECUM REQUEST: DOCUMENTS TO BE PRODUCED AT DEPOSITION**

1.     All policies of insurance that were in effect when the losses forming the subject of this action occurred, and which were issued by the Defendant to the Plaintiffs and/or provided insurance coverage for the real property forming the subject of this action, together with all declaration of coverage pages and all exhibits, addendums, and addenda thereto.

2.     Copies of all proofs of payment for the policies in effect.

3.     Copies of all correspondence from any attorney representing the Plaintiff(s) for the damages arising out of this cause of action, directed to the Defendant insurance company, its employees and/or agents, and any documentation attached to said correspondence pertaining to the claims forming the subject of this action.

4.     Copies of any and all documentation which Defendant alleges support is failure to pay the benefits due and owing to the Plaintiff(s) regarding the claims made that were sent or received to/from any third party.

5.     Copies of any and all correspondence from the Defendant to the Plaintiff(s) and/or his attorney, regarding the Plaintiff's claim for benefits.

6.     Any and all surveillance reports, claims history reports, or other investigation reports prepared by you, or on your behalf, with regards to the Plaintiff(s) claim, including all parts of the claim and underwriting file.

7.     Any and all surveillance films, photographs, or audio tapes taken by you or any one on your behalf of the Plaintiff(s) claim, including all parts of the claim and underwriting file.



954.395.2954
305.402.0866
www.MACLegalPA.com
4601 Sheridan Street, Suite #205
Hollywood, Florida 33021

**MAC LEGAL P.A.**
Boutique Service | Big Law Results

8.     Any and all statements taken by the Defendant of any witnesses with regards to any fact relevant to any issue in this case including all parts of the claim and underwriting file.

9.     Any and all photographs in the Defendant's possession including all parts of the claim and underwriting file.

10.    Any and all estimates of repair or statements concerning the nature and extent of damage to the subject property in this case including all parts of the claim and underwriting file.

11.    Any and all writings, memorandums, notes and/or other materials reflecting examination by the Defendant of any of the property including all parts of the claim and underwriting file.

12.    All documents requested in the Plaintiff's requests for discovery.

13.    Any documents used or supporting your responses to Plaintiff's Interrogatories.

14.    Any documents supporting each of the positions you have taken in any defensive motions filed in this Action.

15.    Copies of all documents including expert reports or engineering reports relied upon for the defenses raised by you and your attorneys in the Defendant's Answer and Affirmative Defenses.

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

CASE NO.:

LINDO YORKE AND DERLENE YORKE

       Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE COMPANY,

       Defendant.

_____/

## <u>PLAINTIFFS' REQUEST FOR ADMISSIONS</u>

Plaintiffs, Lindo Yorke and Derlene Yorke, by and through the undersigned attorneys and pursuant to the Fla. R. Civ. P.  1.370, hereby requests the Defendant to admit or deny the following items in accordance with that Rule.

1. Admit the document attached as Exhibit "A" is a true and correct copy of the Proof of Loss: Sworn State in Proof of Loss received by Defendant from Plaintiff.

2. Admit that Plaintiffs are part of Defendant's customer base.

3. Admit that Plaintiffs have continuously paid their insurance premiums to Defendant for insurance coverage for the property located at 2261 Alcazar Dr Miramar, FL 33023 (the "subject property").

4. Admit Defendant records its calls with its customer-base.

5. Admit that Hurricane Eta  made landfall in BROWARD County on November 2020.

6. Admit that the subject property was covered by the insurance policy issued and drafted by Defendant.

7. Admit that Defendant denied coverage for the Hurricane Eta claim made by the

1

Plaintiffs.

8. Admit that the person answering this on behalf of Defendant is not an attorney.

9. Admit that Defendant received notice of the loss with reasonable dispatch.

10. Admit that Defendant received notice of the loss within a reasonable time in view of the loss stemming directly from Hurricane Eta.

Respectfully Submitted,

*/s/ Nicole Garcia*

Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN: 123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

2

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that in compliance with Fla. R. Jud. Admin. 2.516 that a true and correct copy of the above and foregoing has been sent via the E-File portal to the parties or their respective counsel of record as of March 21, 2022.

Respectfully submitted,

*/s/ Nicole Garcia*
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN: 123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

3

EXHIBIT "A"

## SWORN STATEMENT IN PROOF OF LOSS

**$259,200.00**
Amt of Policy at Time of Loss

**6/12/2020**
Policy Issued

**6/12/2021**
Policy Expires

PURSUANT TO s.817.234, FLORIDA STATUES, ANY PERSON WHO, WITH THE INTENT TO INJURE, DEFRAUD, OR DECEIVE ANY INSURER OR INSURED, PREPARES, PRESENTS, OR CAUSES TO BE PRESENTED A PROOF OF LOSS OR ESTIMATE OF COST OR REPAIR OF DAMAGED PROPERTY IN SUPPORT OF A CLAIM UNDER AN INSURANCE POLICY KNOWING THAT THE PROOF OF LOSS OR ESTIMATE OF CLAIM OR REPAIRS CONTAINS ANY FALSE, INCOMPLETE, OR MISLEADING INFORMATION CONCERNING ANY FACT OR THING MATERIAL TO THE CLAIM COMMITS A FELONY OF THE THIRD DEGREE, PUNISHABLE AS PROVIDED IN s. 775.082, s.775.083, OR s. 775.084 FLORIDA STATUES.

**CNC21017300**
Insurance Claim Number

**VUW-NH-0704753**
Policy Number

**9858 Clint Moore Road Suite C 103, Boca Raton, FL**
Agency At

**Eric Rand**
Agent

To The **Velocity Risk Underwriters** of **PO Box 3036, Bigfork, MT 59911:**

At the time of loss, by the above indicated policy of insurance you insured the interest of: **Lindo Yorke** at **2261 Alcazar Dr. Miramar, FL 33023** against loss by **Water damage** to the property described according to the terms and conditions of said policy and of all forms, endorsements, transfers and assignments attached thereto.

**TIME AND ORIGIN:** A **water damage** loss occurred about the hour of **12:00** o'clock **AM**, on the **8th** day of **November, 2020**. The cause and origin of the said loss were **ETA**.

**OCCUPANCY:** The building described, or containing the property described, was occupied at the time of the loss as follows, and for no other purpose whatever: **As privileged.**

**TITLE AND INTEREST:** At the time of the loss, the interest of your insured in the property described therein was: **As per policy.** No other person or persons had any interest therein or encumbrance thereon, except: **As per policy.**

CHANGES: Since the said property was issued, there has been no assignment thereof, or change of interest, use, occupancy, possession, location or exposure of the property described except: **N/A.**

**TOTAL INSURANCE:** The total amount of insurance upon the property described by this policy was, at the time of the loss, **$259,200.00** as more particularly specified in the apportionment attached under Schedule "C," besides which there was no policy or other contract of insurance, written or oral, valid or invalid.

**THE WHOLE LOSS AND DAMAGE was**                    **$90,601.79**

**LESS AMOUNT OF DEDUCTIBLE**                          **$10,800.00**

**THE AMOUNT CLAIMED** under the above numbered policy number is        **$79,801.79**

STATEMENTS OF INSURED The said loss did not originate by any act, design or procurement on the part of your insured, or this affiant; nothing has done by or with the privity or consent of your insured or this affiant, to violate the conditions of the policy, or render it void; no articles are mentioned herein or in annexed schedules but such as were destroyed or damaged at the time of said loss; no property saved has in any manner been concealed, and no attempt to deceive the said company, as to the extent of said loss, has in any manner been made. Any other information that may be required will be furnished and considered a part of this proof. The furnishing of this blank or the preparation of proofs by a representative of the above insurance company is not a waiver of any of its rights.

State of _FL_                                    Insured:    12-8-21
County of _Brown_                                      Lindo Yorke          Date

Subscribed and sworn to before me this _8th_ day of _December_ 20 _21_

Personally known to me ___ or has produced ID _Driver License_

Notary Public: _____

My term expires: _August 18, 2024_

SIMCHA GOLDSMITH
MY COMMISSION # HH 033418
EXPIRES: August 18, 2024
Bonded Thru Notary Public Underwriters

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA**

**CASE NO.:**

LINDO YORKE AND DERLENE YORKE

      Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

**COMES NOW**, Plaintiffs by and through the undersigned attorneys and pursuant to Florida Rules of Civil Procedure 1.350, herewith serve upon **INDEPENDENT SPECIALTY INSURANCE COMPANY** ("Defendant"), this first Request for Production, and requests that Defendant provide electronically or otherwise make available for physical inspection and copying within forty-five (45) days from service the following documents at MAC Legal, P.A., 3100 N. 29th Court, Hollywood FL 33020.

## I.    DEFINITIONS OF TERMS

    1.    The term "you" or "your" means the party or parties to which this request is addressed, their attorneys and all other persons acting or purporting to act on behalf of the party or parties.

    2.    The term "this Action" specifically refers to the underlying case filed against the Defendant, bearing the BROWARD County case number assigned to this matter. .

    3.    The term "Defendant" or "you" means **INDEPENDENT SPECIALTY INSURANCE COMPANY**.

    4.    The term "Plaintiff" means **Lindo Yorke and Derlene Yorke** or their agents.

    5.    The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

1

6.     The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

7.     The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

8.     The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise. To properly respond to a request for said communications you are responsible for providing things like phone-call records, transcriptions and/or internal notes memorializing the same. Each of the documents or communications produced by you should clearly indicate the date and time when the document or communication was entered into Defendant's system, and identity of the specific representative making said entry into Defendant's system.

9.     The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

10.     As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

11.     The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

12.     The term "representative" refers to any employee, agent, attorney or accountant.

13.     The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

14.     The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

15.     The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

16.     The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

2

17.     The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

18.     The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

19.     The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

## II.     **INSTRUCTIONS**

1.     Unless otherwise specified, each production request includes the relevant period of time as **September 2016** through the date that the documents responsive to this request are produced to Plaintiff.

2.     Each of these requests are subject to the ESI Discovery guidelines that include but are not limited to the protection of all Meta-Data information. Should you fail to adhere to the ESI guidelines or otherwise be suspected of manipulating those responses produced Plaintiff will demand an evidentiary hearing regarding the same, which may leave you subject to sanctions and/or contempt of Court.

3.     Each of the following requests is continuing, and in the event that at any later date you obtain or discover any additional document responsive to any request, you shall submit such document promptly.

4.     If an objection is made to any request herein, all documents covered by the request not subject to the objection should be produced.  Similarly, if an objection is made to production of a document, the portion(s) of that document not subject to objection should be produced with the portion(s) objected to deleted and indicated clearly.

5.     Each document is to be produced in its entirety even if only a portion of the document is related to the identified subject matter and without abbreviation, editing, or expurgation and including all appendices, tables, or other attachments.  If an appendix, table, or other attachment is not presented with the original but is attached to a copy thereof or is otherwise available, it should be submitted and clearly marked to indicate the document to which it corresponds.  With the exception of privileged material, no document or portion thereof should be masked or deleted in any manner.  To the extent possible, documents should be produced in the same order and arrangement as in the file form which they are taken.

6.     Unless otherwise requested, in lieu of producing original documents, you may produce photocopies, provided that you shall retain the original documents and produce them to the plaintiffs upon request.  Further, copies of original documents may be submitted in lieu of originals only if they are true, correct, and complete copies of the original documents, and their submission constitutes a waiver of any claim as to the authenticity of the copy should it be necessary to introduce such copy into evidence in any legal proceeding.  Please provide color copies of any document originally produced in color or containing type, writing, or other marks in any color other than black.

7.     Documents that may be responsive to more than one request need not be submitted more than once; however, such documents should be so identified.

3

8.      All headings herein are included only for organization purposes and should not be construed as being part of any request, or as limiting any request in any manner.

9.      When producing the documents, please keep all documents segregated by the file in which the documents are contained and indicate the name of the file in which the documents are contained and the name of the documents being produced.

10.     When producing the required documents, please produce all other documents that are clipped, stapled or otherwise attached to any requested document.

11.     In the event such file(s) or documents(s) has (have) been removed, either for the purpose of this action or for some other purpose, please state the name and address of the person who removed the file, the title of the file and each sub-file, if any, maintained within the file, and the present location of the file.

12.     If you choose to withhold from production for inspection and copying on the ground of privilege or the like, it is requested that you provide the following information:  date, type of document, author, addressee or recipient, present location, custodian, number of pages, general description, privilege claimed, and any other pertinent information.

### III.      **PRIVILEGE**

If any document would be required to be produced in response to any request except for the fact that a privilege against production is claimed, set forth for each such document:

1.      Its date, title, type of document (memorandum, letter, etc.), and length;

2.      Its waiver, preparer, sender, addressee, recipient and copyee;

3.      A general description of its subject matter (without revealing the information as to which privilege is claimed);

4.      The exact grounds upon which the objection to production is based;

5.      The identity of all persons, in addition to those identified as required by section 2, supra, known to you who have seen or had access to the document;

6.      The identity of the person now in possession of the document.

### IV.     <u>DOCUMENTS NO LONGER IN EXISTENCE OR NO LONGER UNDER POSSESSION, CUSTODY OR CONTROL</u>

If any document, requested herein was at one time in existence and under Defendant's possession, custody or control but has been lost, discarded or destroyed or has been removed from Defendant's possession, custody or control, with respect to each such document:

1.      Identify and describe such document by date, title and type of document;

2.      State when each such document was most recently in the possession or subject to the control of Defendant and what disposition was made of such document, including an identification of the person, if any, presently in possession or control of such document;

4

3.    State when such document was transferred or destroyed, identify the person who transferred or destroyed such document and the persons who authorized or directed that the document be transferred or destroyed or having knowledge of its transfer or destruction and state the reason such document was transferred or destroyed; and

4.    Identify all persons having knowledge of the contents thereof.

## V.    ORGANIZATION

Pursuant to Florida Rules of Civil Procedure 1.350 it is requested that the documents produced be organized and labeled so as to correspond with the categories of this request. This is most commonly referred to as "Bates Stamping".

## VI.    DOCUMENT REQUESTS

**REQUEST NO. 1:**    All documents and communications reflecting Plaintiff's filing of the Hurricane Eta loss.

**REQUEST NO. 2:**    Any and all documents or communication between you and any third-party hired by you to evaluate the Plaintiff's Hurricane Eta loss claim made.

**REQUEST NO. 3:**    All documents or communications showing the total amount of coverage afforded by subject insurance policy.

**REQUEST NO. 4:**    All documents or communications regarding the determination of coverage for claim of loss made following Hurricane Eta loss.

**REQUEST NO. 5:**    All documents or communications supporting your determination of coverage for claim of loss made following Hurricane Eta loss.

**REQUEST NO. 6:**    All documents or communications received from any third parties regarding the evaluation of the claim of damages made following  Hurricane Eta loss.

**REQUEST NO. 7:**    All documents or communications submitted to any third parties regarding the evaluation of the claim of damages made following Hurricane Eta loss.

**REQUEST NO. 8:**    All   documents   or   communications   received   from   Plaintiff

regarding the evaluation of the claim of damages made following Hurricane Eta loss.

**REQUEST NO. 9:**    All documents or communications submitted to Plaintiff regarding the evaluation of the claim of damages made following Hurricane Eta loss.

**REQUEST NO. 10:**  All documents or communications received by you regarding the damages to the subject property following Hurricane Eta loss.

**REQUEST NO. 11:**  All documents or communications regarding the payment(s) of all insurance policy premium(s) for the subject property.

**REQUEST NO. 12:**  The entire underwriting file for the subject property.

**REQUEST NO. 13:**  The entire claims file for the subject property.

**REQUEST NO. 14:**  Each Curriculum Vitae for each expert relied upon by you for any part of the instant Action including but not limited to trial.

**REQUEST NO. 15:**  Each document, communication and opinion written or otherwise relied upon by you for any part of the instant Action including but not limited to trial.

**REQUEST NO. 16:**  Each document relied upon to support each and every response to your responses to Plaintiff's Interrogatories.

**REQUEST NO. 17:**  Any documents supporting each of the positions you have taken in any defensive motions filed in this Action.

**REQUEST NO. 18:**  Copies of all documents including expert reports or engineering reports relied upon for the defenses raised by you and your attorneys in the Defendant's Answer and Affirmative Defenses.

6

**REQUEST NO. 19:** Copies of all documents supporting each of the positions you have or anticipate taking in this Action.

**REQUEST NO. 20:** All documents and communications reflecting your request(s) to Plaintiffs that Plaintiffs' provide a signed, sworn proof of loss.

**REQUEST NO. 21:** All documents and communications reflecting Plaintiffs' responses to your request(s) described in REQUEST NO. 20: above.

Respectfully Submitted,

*/s/ Nicole Garcia*
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN: 123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in compliance with Fla. R. Jud. Admin. 2.516 that a true and correct copy of the above and foregoing has been sent via the E-File portal to the parties or their respective counsel of record as of March 21, 2022.

Respectfully submitted,

By: */s/ Nicole Garcia*
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN: 123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

8

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.:

LINDO YORKE AND DERLENE YORKE

      Plaintiff,

vs.

INDEPENDENT SPECIALTY INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFFS' INTERROGATORIES TO DEFENDANT

**COME NOW**, Plaintiffs by and through the undersigned attorneys and pursuant to Rule 1.340 of the Florida Rules of Civil Procedure, and herewith serves upon INDEPENDENT SPECIALTY INSURANCE COMPANY ("Defendant"), the following Interrogatories. Complete and Sworn answers to these Interrogatories must be furnished within forty-five (45) days of service.

## I.    DEFINITIONS OF TERMS

1.    The term "you" or "your" means the party or parties to which this request is addressed, their attorneys and all other persons acting or purporting to act on behalf of the party or parties.

2.    The term "this Action" specifically refers to the underlying case filed against the Defendant, bearing the case number .

3.    The term "Defendant" or "you" means INDEPENDENT SPECIALTY INSURANCE COMPANY.

4.    The term "Plaintiff" means Lindo Yorke and Derlene Yorke.

5.    The terms the "subject property" or "premises" means that property covered by the subject insurance policy issued by Defendant at issue in this Action, located at 2261 Alcazar Dr Miramar, FL 33023.

6.    The term "person" means any natural person, individual, proprietorship, partnership, corporation, association, organization, joint venture, firm, other business enterprise, governmental body, group of natural persons, or other entity.

7.    The term "evaluation" means any assessment, determination, decision or considerations of the claim of loss made in instant Action that used scientific or any other

1

methodology. To properly respond to a request that incorporates this term the responding party should not only provide the documents, communications or otherwise, but should likewise ensure that scientific or other method of assessment, determination, decision or consideration of the claim of loss made in the instant Action can be established, if available.

       8.    The term "document" means any written or graphic matter and other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, <u>including the originals and all non-identical copies</u>, whether different from the original by reason of any notation made on such copy or otherwise, including but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, meetings or other communications, inter-office and intra-office telephone calls, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases, graphic or aural records or representations of any kind (including without limitation, photographs, microfiche, microfilm, videotape, records and motion pictures) and electronic, mechanical or electric records or representations of any kind (including without limitation, tapes, cassettes, discs and records).

       9.    The term "all documents" means every document or group or documents as above defined that are known to you or that can be located or discovered by reasonably diligent efforts.

       10.    The term "communication(s)" means every manner or means of disclosure, transfer or exchange of information, whether in person, by telephone, mail, personal delivery or otherwise. To properly respond to a request for said communications you are responsible for providing things like phone-call records, transcriptions and/or internal notes memorializing the same. Each of the documents or communications produced by you should clearly indicate the date and time when the document or communication was entered into Defendant's system, and identity of the specific representative making said entry into Defendant's system.

       11.    The word "each" shall be construed to include the word "every", and the word "every" shall be construed to include the word "each"

       12.    As used herein, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine and neither shall include each of the genders.

       13.    The word "and" shall be construed to include the word "or", and the word "or" shall be construed to include the word "and".

       14.    The term "representative" refers to any employee, agent, attorney or accountant.

       15.    The term "identify" when used in connection with a natural person means to set forth the full name, title, present business address and present business affiliation of said person.

       16.    The term "identify" when used in connection with a coverage determination means all determinations (if more than one), the basis of each determination of coverage (whether or not there was in fact coverage afforded for the loss claimed), citing specifically why or why not coverage was afforded for the claim of loss made.

       17.    The term "identify" when used in connection a calculation or valuation of damage(s) at issue here means all the responder is required to provide the methods, amounts, reasons, line-item descriptions and details for each calculation or valuation of damages requested by the interrogatory, to properly and adequately address this interrogatory posed by Plaintiffs.

       18.    The term "identify" when used in connection with a person which is a proprietorship, partnership, corporation, or other organization means to set forth the full name and present business address of that dealership, proprietorship, partnership, corporation, or other organization.

19.     The term "identify" when used with reference to a document means to state the date and author (and, if different, the signer or signers), the addresses of the author(s), signer(s), or any individual(s) receiving copies, the type of document (e.g., letter, memorandum, chart), and its present or last known location or custodian.

20.     The term "identify" when used with reference to an agreement, contract, understanding or communication means, in addition to Definition 10 above: (a) to state whether it was written or oral, to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (b) to identify the parties thereto, the place where it was made or occurred, and the date or dates thereof; (c) to identify the persons who negotiated or had any role in suggesting, framing or drafting the terms of the agreement, contract or understanding or who participated therein; and (d) to state the substance of the communication, agreement, contract or understanding.

21.     The term "identify" when used with reference to a meeting, incident, occurrence or conversation means to state its date, place and subjects covered, to identify its participants and to identify all documents reporting upon or otherwise recording or referring to anything that transpired at such meetings.

22.     The term "payment" includes coverage payment, settlement payments (amount of payment is not required if the settlement was confidential), or disputed payment.

23.     The term "relating to" or "relates to" means regarding, reflecting, discussing, describing, containing, identifying, analyzing, studying, reporting, commenting, evidencing, constituting, revealing, setting forth, considering, recommending, questioning, disputing contesting, correcting, construing, mentioning, associated with, referring to, alluding to, or pertaining to, in whole or in part.

24.     The term "Complaint" means the Complaint or Amended Complaint in the above-captioned action.

25.     **NOTE: DO <u>NOT</u> ORPHAN YOUR JURAT**. We will move for a motion to compel without hesitation, if the rules concerning the same are not properly adhered to. Thank you.

## <u>INTERROGATORIES</u>

1.     Please provide the full name, address, position of employment, employer and phone number for each individual responding these interrogatories.

**RESPONSE:**


2.     Please identify every denial you have made and otherwise anticipate making to Plaintiff's Complaint in this Action.

**RESPONSE:**


**RESPONSE:**


3.     Please identify your evaluation of each allegation made by in Plaintiff's Complaint.

3

**RESPONSE:**

4.      Please identify with specificity how Plaintiff's claim of loss at issue in this Action, was evaluated by you.

**RESPONSE:**

5.      Please identify with specificity the valuation of the claim of loss reached by you.

**RESPONSE:**

6.      Please identify specifically whether or not coverage was extended for the claim of loss made in this Action.

**RESPONSE:**

7.      Please identify with specificity all the bases for your position that Plaintiff is or is not afforded coverage under your operative insurance policy covering the subject property for the claim of loss made.

**RESPONSE:**

8.      Please identify each and every expert upon whom you rely for your denial(s) of each of Plaintiff's allegations in this Action.

**RESPONSE:**

UNDER PENALTIES OF PERJURY, I declare by oath that I have read the foregoing responses to interrogatories and that the facts stated in them are true, unless where legally permitted, correct and true to the best of my knowledge, information, belief and recollection.

_____

Print Name and Title

 STATE OF FLORIDA                    )

                                        )ss

4

COUNTY OF_____                    )

      I HEREBY CERTIFY that on this day,_____ personally appeared before me, an officer duly authorized in the State of Florida and in the County aforesaid to take said oaths by said person, and that _____personally appeared before me on behalf of _____, and that said person is known personally to me or provided identification in the form of _____ to legally show that they are in fact the person described herein, the person who executed the foregoing instrument acknowledged and under oath before me in the manner described above.

      WITNESS my hand and official seal in the County and State last aforesaid this _____day of_____, 202_.


                                         _____
                                         Notary Public, State of Florida
                                         My Commission Expires:

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that in compliance with Fla. R. Jud. Admin. 2.516 that a true and correct copy of the above and foregoing has been sent via the E-File portal to the parties or their respective counsel of record as of March 21, 2022.

Respectfully Submitted,

*/s/ Michael A. Citron*
Michael A. Citron, Esq.
FBN: 105083
Kristen D. Montgomery, Esq.
FBN: 1003495
Regine Etienne
FBN:  123537
MAC Legal, P.A.
4601 Sheridan Street
Suite #205
Hollywood, FL 33021
Michael@maclegalpa.com
Service@maclegalpa.com

6

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

Case No: _CACE-22-004199_

Linda Yorke
_____
Plaintiff

Judge Division: ____09____

VS

Independent Specialty
_____
Defendant
Ins. Co.

FILED
MAR 23 2022
By GL

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC:
"ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES",

The Clerk has conducted a search for all previous existing civil cases related to
these two parties.

Listed below are all the aforementioned related cases:  NONE

Brenda D. Forman
Circuit and County Courts

By: _____

Deputy Clerk

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

LINDO YORKE and DERLENE YORKE,

        Plaintiffs,

v.

                                      Case No.:  CACE-22-004199
                                      Division:  09

INDEPENDENT SPECIALTY INSURANCE
COMPANY,

        Defendant.

_____/

### **DEFENDANT'S MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFFS' COMPLAINT**

        Defendant Independent Specialty Insurance Company, by and through the undersigned counsel, hereby files this Motion for Extension of Time to Respond to Plaintiffs' Complaint, and as grounds therefore states as follows:

        1.       Plaintiffs served their Complaint on Defendant on March 25, 2022.

        2.       Defendant's response to the Complaint is due April 14, 2022.

        3.       Counsel for Defendant requires additional time to review the file materials and prepare a response to the Complaint.

        4.       Defendant has not previously filed a Motion for Extension of Time to Respond to the Complaint.

        5.       Defendant requests a two week extension to respond to the Complaint, making Defendant's response due April 28, 2022.

        6.       Plaintiffs will not be prejudiced by the granting of this motion.

        7.       Counsel for Defendant contacted Counsel for the Plaintiffs, and Counsel for the Plaintiffs has no objection to the requested extension.

8.      There is no trial pending in this matter at this time, and this motion is not intended for the purposes of delay.

WHEREFORE, Defendant Independent Specialty Insurance Company respectfully requests that this Court enter an Order granting an extension of time to respond to Plaintiffs' Complaint to April 28, 2022.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed with the Clerk of Court by using the Florida Courts E-Filing Portal this 14th day of April, 2022.  I also certify that the foregoing document was served upon the individual(s) identified in the below Service List via e-email generated by the Florida Courts E-Filing Portal.

/s/Heather Jones
C. RYAN JONES, ESQUIRE
FBN:  0029043
HEATHER JONES, ESQUIRE
FBN:  99404
Traub Lieberman Straus & Shrewsberry, LLP
Post Office Box 3942
St. Petersburg, Florida 33731
727.898.8100 - Telephone
727.895.4838 - Facsimile
Attorneys for Defendant
*For Service of Court Documents:*
servicerjones@traublieberman.com

## SERVICE LIST

Michael A. Citron, Esq.
Kristen D. Montgomery, Esq.
Regine Etienne, Esq.
FBN:  123537
MAC Legal, P.A.
4601 Sheridan Street, Suite 205
Hollywood, FL 33021
Attorneys for Plaintiffs
michael@maclegalpa.com
service@maclegalpa.com